**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:54 PM November 25, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SII LIQUIDATION COMPANY, | ) | CASE NO. 10-60702 |
| | ) | |
| Debtor. | ) | ADV. NO. 14-6024 |
| _____ | ) | |
| SCHWAB INDUSTRIES, INC., | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| THE HUNTINGTON NATIONAL | ) | **INTENDED FOR PUBLICATION)** |
| BANK et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Defendants Hahn Loeser & Parks LLP ("Hahn Loeser"), Lawrence E. Oscar ("Oscar") and Andrew Krause ("Krause") (collectively "HLP Defendants") filed a motion to dismiss Plaintiff's complaint on June 24, 2014. Plaintiff's response was due fourteen days after the court issued a decision on Plaintiff's motion to remand. The court denied the motion to remand on October 24, 2014. Plaintiff's appeal of that order is pending. Plaintiff filed a motion to further extend its response deadline on the motion to dismiss until after the appeal is decided by District Court. All of the defendants ("Defendants"), including The Huntington National Bank

1

("Huntington") oppose the motion.

The court has jurisdiction of this proceeding under 28 U.S.C. §§ 1334 and 157. In accordance with § 1334(b), the United States District Court for the Northern District of Ohio issued a general order of reference on April 4, 2012, thereby transferring its jurisdiction to the bankruptcy court. Jurisdiction will be discussed further hereinafter. Venue is proper under 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff filed a civil action in the Cuyahoga County Court of Common Pleas on May 5, 2014. Defendants removed the case to this court on June 3, 2014 and subsequently filed motions to dismiss. Plaintiff contested removal, and sought remand to state court, so the court tabled responses to the motions to dismiss until fourteen days after a decision on the motion to remand.

On October 24, 2014, the court denied the motion to remand. Plaintiff's appeal of that decision is now pending in district court. Plaintiff seeks leave to extend its response deadline on the motions to dismiss until after the appeal is concluded. Defendants oppose the relief.

## DISCUSSION

Plaintiff argues that the appeal divested this court of jurisdiction. Defendants disagree, arguing that since this is an interlocutory appeal, the district court may only exercise jurisdiction if leave to appeal is granted. According to Defendants, Plaintiff did not meet the standard for leave to appeal and therefore should not be able to further delay this adversary.

Appeals of interlocutory orders are governed by 28 U.S.C. § 158(a)(2) and (3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003. Generally, a motion for leave to appeal is required. 28 U.S.C. § 158(a)(2) – (3); Fed.R.Bankr.Pro. 8001(b), 8003. However, when a notice of appeal is timely filed, a failure to file a motion for leave to appeal may not be fatal. Fed.R.Bankr.Pro. 8003(c); Simon v. Amir (In re Amir), 436 B.R. 1 (B.A.P. 6th 2010). In appropriate circumstances, an appellate court "may grant leave to appeal or direct that a motion for leave to appeal be filed." Fed.R.Bankr.Pro. 8003(c). Because the district court may still grant leave to appeal the order, even in the absence of a motion for leave to appeal, the court rejects Huntington's argument that the failure to file a motion is a patent defect that renders the appeal a "legal nullity" and allows this court to safely exercise its jurisdiction. Cf. Silagy v. Protz (In re Protz), 2013 WL 6799232 (Bankr. N.D. Ohio 2013) (citations omitted).

A notice of appeal generally divests the bankruptcy court of jurisdiction of the issues or matters on appeal. Greer v. One West Bank, FSB, 2012 WL 640661 (M.D. Tenn. 2012) (citing

2

In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007)). Here, the central issue on appeal is whether this court correctly refused to remand this case back to state court or to withdraw the reference. This is a direct challenge to the bankruptcy court's exercise of jurisdiction over Plaintiff's claims. Consequently, the court cannot agree with Defendants' position that this is a "discrete" issue that leaves room for this court to exercise jurisdiction over other aspects of the adversary proceeding.

Plaintiff's motion for leave will be granted by separate order to be entered immediately.

# # #

**Service List:**

Charles V. Longo
Matthew D. Greenwell
25550 Chagrin Blvd., Ste 320
Beachwood, OH 44122

Andrew S. Nicoll
Porter Wright Morris & Arthur, LLP
41 S. High Street, Suite 3100
Columbus, OH 43215

Karen Swanson Haan
Michael A. VanNiel
Daniel Rubin Warren
Thomas D. Warren
Baker & Hostetler, LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213