**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:07 PM May 30, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SII LIQUIDATION COMPANY, | ) | CASE NO. 10-60702 |
| | ) | |
| Debtor. | ) | CONSOL. ADV. NO. 14-6024 |
| _____ | ) | |
| SCHWAB IND., INC., | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE HUNTINGTON NATIONAL | ) | **MEMORANDUM OF OPINION** |
| BANK et al., | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| Defendants. | ) | |

> Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passions, they cannot alter the state of facts and evidence; nor is the law less stable than the fact.

John Adams, partially quoting others at the Boston Massacre trial.

1

Now before the court is Defendants' Hahn, Loeser & Parks, LLP, Lawrence E. Oscar, and Andrew Krause ("Defendants") motion for sanctions against Plaintiff and its counsel, premised on Bankruptcy Rule 9011, 28 U.S.C. § 1927, and 11 U.S.C. § 105(a). The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District of Ohio. Venue in this district is appropriate under 11 U.S.C. § 1409. This opinion represents the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

## BACKGROUND

Jerry Schwab ("Jerry") was a founder of Schwab Industries, Inc., a ready-mix concrete company, and its related affiliates ("Schwab Industries"). In the 1990s, Jerry created a trust for the benefit of his two children, Mary Lynn and David, with the assistance of attorney Andrew Krause ("Krause"). Huntington National Bank ("HNB") is the successor trustee of the trust.

Schwab Industries did very well until the Great Recession hit. In 2009, financial problems led the trust advisory board to authorize a $2,000,000 - $3,000,000 loan to Schwab Industries. As trustee, HNB sought a legal opinion from its counsel, Hahn Loeser & Parks, LLP ("HLP"), on the propriety of the loan under the trust agreement. Krause, now an attorney with HLP, issued an opinion letter that advised against the loan. The Schwabs, individually and on behalf of Schwab Industries, maintain the Krause opinion letter was a conflict of interest between Jerry Schwab and HNB and contend that HNB wrongfully withheld approval of the loan. They also maintain they were not aware of the salient facts of the conflict until May 2013.

Schwab Industries and its related entities ("Debtors") filed a chapter 11 bankruptcy case on February 28, 2010, represented by HLP, with Lawrence Oscar ("Oscar") as lead counsel. Unable to obtain postpetition financing to continue operations, Debtors' assets were auctioned in bankruptcy in May 2010. Debtors eventually confirmed a liquidation plan and transferred Debtors' remaining assets to a Creditor Trust. Under the trust agreement, Avoidance and Miscellaneous causes of action became property of the Creditor Trust and were not Debtors' property. (First Am. Plan of Liquidation ¶¶ 18, 19, 43, 44, Main Case ECF 698) The causes of action transferred to the Creditor Trust included malpractice claims against Debtors' counsel.

During the bankruptcy case, HLP filed fee applications. They were approved, with no objection from Debtors, Schwab Industries, or the individual shareholders, by the court.

Multiple lawsuits arose in the bankruptcy case, including a legal malpractice action by Schwab family members, as shareholders and derivatively on behalf of Schwab Industries, against Oscar, Krause and HLP. The court dismissed that action because the individual shareholders lacked standing and the action was barred by res judicata. Schwab v. Oscar (In re SII Liquidation, Inc.), Adv. Case No. 12-6035 (Bankr. N.D. Ohio 2012) ("First Opinion").

The shareholders sought, and were denied, relief from judgment. Schwab v. Oscar (In re

SII Liquidation, Inc.), Adv. Case No. 12-6035 (Bankr. N.D. Ohio 2014) ("Second Opinion") The court determined that they had not cured the standing issue. Although they appealed denial of the motion for relief from judgment, the appeal was dismissed when the Bankruptcy Appellate Panel determined, under the law-of-the-case doctrine, the shareholders lacked standing to file a motion for relief from judgment. Schwab v. Oscar (In re SII Liquidation Co.), 517 B.R. 72 (B.A.P. 6th Cir. 2014).

In March 2014, David Schwab entered into a settlement agreement with the Creditor Trust that settled claims against him and provided for the reissuance and sale of Schwab Industries' stock to him for $100,000. It is this "entity" ("Plaintiff") that filed the present action in the Cuyahoga County Court of Common Pleas. The counts in the complaint include:

| | |
|---|---|
| Count I: | Huntington Bank Fraid (sic) and Fraudulent Tortiously Interfered with Business Relationship |
| Count II: | Huntington National Bank Breach of Duty of Good Faith as Secured Lender |
| Count III: | Defendant HNB Breach of Contract – Split Dollar Agreement |
| Count IV: | H.L.P. Conflict of Interest/Fraud/Civil Conspiracy |
| Count V: | Legal Malpractice/Fraud Defendant H.L.P. |

HNB and HLP each removed the action to this court on June 3, 2014 and the actions were consolidated.

Plaintiff moved to remand this action on October 24, 2014. The court denied the motion because the claims were related to the bankruptcy case under 28 U.S.C. § 1334(b) and Plaintiff failed to demonstrate grounds for permissive abstention or equitable remand. Defendants moved for sanctions against Plaintiff. Plaintiff's interlocutory appeal of the remand decision was dismissed. Subsequently, the court dismissed the complaint, concluding Plaintiff lacked standing (the claims were property of the Creditor Trust, not Plaintiff) and barred by res judicata. Plaintiff untimely appealed the dismissal but it was affirmed by the Sixth Circuit on April 7, 2017. Schwab Ind., Inc. v. Huntington Nat'l Bank, Case No. 16-3790 (6th Cir. 2017) (unpublished). The sanctions motion, held in abeyance pending the outcome of the appeal, is before the court.

## **DISCUSSION**

Three separate provisions underlie Defendants' sanction request. First, they premise their request on Bankruptcy Rule 9011. When an attorney submits a document to the court, the attorney

> is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,--

\* \* \*

3

> (2) the claims and defenses, and other legal contentions
> therein are warranted by existing law or by a nonfrivolous
> argument for the extension, modification, or reversal of
> existing law or the establishment of new law;
>
> * * *
>
> (4) the denials of factual contentions are warranted on the
> evidence or, if specifically so identified, are reasonably
> based on a lack of information or belief.

Fed.R.Bankr.Pro. 9011(b).

Concerning Bankruptcy Rule 9011, the Sixth Circuit declared that "[t]he test for imposing sanctions is whether the individual's conduct was reasonable under the circumstances." Corzin v. Fordu (In re Fordu), 201 F.3d 693, 711 (6th Cir. 1999) (citing Mapother & Mapother, P.S.C. v. Southern Am. Ins. Co. in Liquidation (In re Downs), 103 F.3d 472, 481 (6th Cir. 1996)). Reasonableness is viewed at the time the event occurred, not using hindsight. Downs at 481 (citing McGhee v. Sanilac Cty., 934 F.2d 89, 93 (6th Cir. 1991) (quotation omitted)). Consequently, subsequent rejection of a party's arguments is not determinative.

Plaintiff argues its actions were reasonable because it rectified the standing issue that was fatal to the shareholder malpractice suit when David Schwab repurchased the stock of the liquidated Debtors and Schwab Industries filed the state court action. More than once, it references a "directive" by this court. The latter is a fiction and the court is unconvinced the filing of the state court action was reasonable.

The First Opinion clearly stated the malpractice action was property of the Creditor Trust. The court found the shareholders did not have standing to pursue a claim because they did not suffer a particularized injury and had not obtained permission to pursue a derivative action. Additionally, the court determined that entry of the fee application orders barred the action under the doctrine of res judicata. When the shareholders filed a motion for relief from judgment, the Second Opinion found they had not cured the standing issue. The Second Opinion also found that the shareholders "knew, or should have known, of the conflict in time to challenge Defendants' fee applications filed on July 22, 2010 and January 13, 2011" and thereby rejected the Schwabs' contention they were not aware of the HLP/HNB conflict until May 3, 2013. Id. at 5. The court based this finding on (1) an email from Oscar to David Schwab dated February 17, 2010 addressing the conflict, (2) paragraph forty-six of the Application to Employ HLP that outlines the conflict, and (3) an email sent from Oscar to David Schwab on April 23, 2010.[1]

Nothing in the stock purchase agreement between David Schwab and the Creditor Trust suggested the malpractice claims were part of the purchase. Paragraph four of the agreement

---

[1] The court upheld the dismissal in denying a motion for relief from judgment. The BAP affirmed denial of the relief from judgment.

states "the Purchaser's sole rights as holder of the Stock shall be to effectuate actions as to property held by the *Debtors* . . ." (emphasis added) (M. Order Approving Settlement Ex. A, Adv. No. 12-6022, ECF No. 142-1). This conclusion was restated in the opinion denying the motion to remand this action. (Memo. of Opinion pp. 9-10, ECF No. 36) The purported cause of action undeniably remained property of the Creditor Trust. Plaintiff's position that the Creditor Trustee transferred the claim is not supported by the record.

Plaintiff also asserts res judicata does not bar the present claims because the plaintiffs in the shareholder malpractice adversary and this action are not the same. The court finds this argument wholly untenable. It ignores the fact that this court, in the First Opinion, determined that the orders approving HLP's fees in the main case was the death knell to the malpractice claims. Plaintiff disregards this. Debtor was a party to the orders approving HLP's fees. Additionally, Plaintiff ignores the fact that the employment agreement for bankruptcy representation between Debtors and HLP disclosed the conflict, as well as prebankruptcy communications between Oscar and David Schwab, as this court has repeatedly reiterated.

Plaintiff's allegations concerning David Schwab's knowledge or control of the conflict are a red herring. What matters is when *Debtors* knew, or should have known, of the claim. The court has continuously declared that the prebankruptcy disclosure of the conflict by Oscar and the postbankruptcy disclosure in the application to employ HLP are key. Also, the court has previously stated, and here reiterates, that this case is driven by Plaintiff's lack of understanding about the separation between Debtors as a distinct legal entity and its shareholders and about the bankruptcy process. This persists.

Plaintiff now argues it was unable to bring these claims because the Schwabs were not in control of the corporation. This is yet another misunderstanding. The shareholders were in control of the corporation, even after the bankruptcy filing, albeit with limitations. In re Lifeguard Ind., Inc., 37 B.R. 3, 18 (Bankr. S.D. Ohio 1983) (citations omitted) ("shareholders of a corporate debtor-in-possession retain their state law rights to control a corporation"). The corporation, however, became a shell following the auction of assets and confirmation of the liquidation plan. The assets of the corporation remaining after the auction, including these claims, which were property of the bankruptcy estate, were transferred to the Creditor Trust. Neither Plaintiff or its shareholders have standing to assert a claim that belongs to the Creditor Trust. Neither can they successfully assert a claim barred by res judicata, even if they owned it.

Only if the court is willing to completely ignore reality, which it is not, does Plaintiff's position concerning res judicata and the shareholder malpractice action possess even a hint of reasonableness. However, even that is tempered by Plaintiff's lack of thoroughness. Plaintiff cleverly cited only Ohio law that references an identity between the parties as a necessary element of res judicata, missing the fact that a prior decision bars not only the parties to an action, but also those in privity. Sanders Confectionery Prod., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992) (citations omitted). "Privity . . . means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." Id. at 481 (citing Latham v. Wells Fargo Bank, N.A., 896 F.2d 979 (5th Cir. 1990)). While it appears Plaintiff's success in proving it was not a party or in privity with one in the malpractice

adversary could be as difficult as plowing fields with a pair of pigeons, privity is a factual question.  Vulcan, Inc. v. Fordees Corp., 658 F.2d 1106, 1109 (6th Cir. 1981) (citations omitted). The court recognizes that at the time the state court complaint was filed, privity between Plaintiff and the individual shareholders had not been determined.   But this is spurious because, as previously stated, Plaintiff was a party to the fee orders that operated to bar the malpractice action.

In the state court complaint and in its response to the sanctions motion, Plaintiff contends that the claims are non-core and therefore not part of the estate.   While this statement confuses two concepts, the crux is Plaintiff's belief that the claim is a postpetition claim and not property of the estate because Plaintiff did not know of the claim until May 2013 when David Schwab alleges he became aware of the Krause opinion letter.   However, since the violation and injury occurred prepetition, the claim is a prepetition claim.  Tyler v. DH Capital Mgmt., Inc., 736 F.3d 455 (6th Cir. 2013).   Further, this court has consistently held that, at a minimum, the claims relate to the bankruptcy case and therefore provide a basis for this court to exercise subject matter jurisdiction.

The court is thoroughly convinced that the state court action was an unrelentingly effort to mount claims that should have been brought years ago and is an unrelentingly attempt to endrun previous decisions.   Plaintiff continually advances arguments on the merits of the claim without acknowledging the procedural barriers that exist and now thwart the claims.   Plaintiff refuses to acknowledge the tidal water coursing beneath the bridge.   Its failure to acknowledge the previous determinations needlessly increases the costs of litigation for Defendants.   Because the claims and arguments presented in the state court complaint do not have a reasonable basis in law or fact, sanctions under Rule 9011 are appropriate.

Since the court finds a basis for relief under Rule 9011, and all damages sought by Defendants are available under the rule, the court will not examine relief under 28 U.S.C. § 1927 and 11 U.S.C. § 105.   A separate order granting the motion for sanctions will be issued immediately.

#     #     #

**Service List:**

Matthew D. Greenwell
1200 Ontario St., 11th Floor
Cleveland, OH 44114

Charles V. Longo
25550 Chagrin Blvd., Ste 320
Beachwood, OH 44122

Andrew S. Nicoll
Porter Wright Morris & Arthur, LLP
41 S. High Street, Suite 3100
Columbus, OH 43215

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213

Michael A. VanNiel
Daniel Rubin Warren
Thomas D. Warren
Baker & Hostetler, LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482