**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:07 AM June 19, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| SII LIQUIDATION COMPANY, | ) CASE NO. 10-60702 |
| | ) |
| Debtor. | ) ADV. NO. 14-6024, 14-6025 |
| | ) |
| | ) JUDGE RUSS KENDIG |
| SCHWAB INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF OPINION (NOT** |
| | ) **INTENDED FOR PUBLICATION)** |
| HUNTINGTON NATIONAL | ) |
| BANK, et al., | ) |
| | ) |
| Defendants. | ) |

    This adversary proceeding is before the court on defendants Hahn Loeser & Parks LLP, Lawrence E. Oscar, and Andrew Krause (collectively "Defendants") motion for a telephonic status conference.

    Schwab Industries, Inc. ("Plaintiff") filed a notice of appeal of the court's order granting sanctions. That appeal is pending before the District Court for the Northern District of Ohio. Plaintiff's appeal to district court divests this court of jurisdiction on the remaining matters during the pendency of the appeal.

1

In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## Discussion

On May 30, 2017, the court entered an order granting Defendants' motion for sanctions. The court did not determine the amount of monetary sanctions. Defendants were provided until June 26, 2017 to file an itemization of the fees and expenses incurred. Plaintiff was provided until July 21, 2017 to object. On June 14, 2017, Plaintiff filed a Second Amended Notice of Appeal to the District Court appealing the court's order granting sanctions for the Defendants. On June 16, 2017, Defendants filed a motion for telephonic status conference.

This issue before the court is whether it has jurisdiction to consider the Defendants motion. Federal courts are required to ascertain the proper exercise of jurisdiction even in the absence of a challenge. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)). A pending appeal divests a bankruptcy court of jurisdiction. City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380 (6th Cir.2007); Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir.1993).

There are some exceptions to this rule. Courts may retain jurisdiction over aspects of the case not subject to appeal. Silagy v. Protz (In re Protz), No. 06-61512, Adv. No. 12-6113, 2013 WL 6799232 *1 (Bankr. N.D. Ohio Dec. 20, 2013)(citing Griggs v. Provident Consnumer Disc. Co., 459 U.S. 56, 58 (1982)). "Bankruptcy courts have found that when an interlocutory appeal is taken they retain jurisdiction as to matters unrelated to the appeal." Liscinski v. Cambridge Mgmt. Grp. (In re Trimble), No. 06-22616, Adv. No. 07-2115, 2008 WL 782581, *2 (Bankr. D.N.J. March 18, 2008). However, bankruptcy courts do not retain jurisdiction regarding matters related to a pending appeal.

Presently, the pending appeal divests the court of jurisdiction. The only remaining issue in this adversary proceeding is a determination of the monetary amount of the sanctions. The court's determination regarding the amount of sanctions is related to the pending appeal of the court's order granting Defendants' motion for sanctions. Until the District Court rules on the pending appeal the court lacks jurisdiction to rule on any motions related to granting of sanctions.

Defendants were required to file an itemization of fees and expenses incurred by June 26, 2017. Plaintiff had until July 21, 2017 to respond to Defendants' submission. Because the court lacks jurisdiction over this adversary proceeding pending the outcome of Plaintiff's appeal these deadlines are stayed.

## Conclusion

The pending appeal divests this court of jurisdiction regarding the aspects of this adversary proceeding. Accordingly, Defendants' Motion for a Telephonic Status Conference is

**DENIED**.  The deadlines for submitting an itemization of fees and expenses are stayed pending the outcome of the Plaintiff's appeal.  An order will be entered simultaneously with this opinion.

It is so ordered.

#     #     #

**Service List**:

Matthew D. Greenwell
1200 Ontario St., 11th Floor
Cleveland, OH 44114

Charles V. Longo
25550 Chagrin Blvd., Ste 320
Beachwood, OH 44122

Andrew S. Nicoll
Porter Wright Morris & Arthur, LLP
41 S. High Street, Suite 3100
Columbus, OH 43215

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213

Michael A. VanNiel
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214